UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **STANLEY FOSTER BAKER,** | § | |
| **TDCJ No. 02085771,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil No. SA-19-CA-0240-XR** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER OF DISMISSAL

Before the Court are *pro se* Petitioner Stanley Foster Baker's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5), Respondent Lorie Davis's Motion to Dismiss for Failure to Exhaust State Court Remedies (ECF No. 13), and Petitioner's Reply thereto (ECF No. 18). For the reasons set forth below, Respondent's motion to dismiss is granted and Petitioner's federal habeas corpus petition is dismissed without prejudice for failure to exhaust available state appellate remedies. Petitioner is also denied a certificate of appealability.

## Background

In July 2016, Petitioner was convicted of one count of continuous sexual abuse of a child and one count of indecency with a child by sexual contact. He was sentenced to life imprisonment on the first count and to twenty years of imprisonment on the second. *State v. Baker*, No. 15-1755-CR (2nd 25th Dist. Ct., Guadalupe Cnty., Tex. July 20, 2016); (ECF No. 14-13 at 139-40). His convictions and sentences were affirmed on direct appeal, and the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR) on September 12,

2018. *Baker v. State*, No. 04-16-00559-CR (Tex. App.—San Antonio, Mar. 21, 2018, pet. ref'd) (ECF No. 14-6); *Baker v. State*, No. PD-0432-18 (Tex. Crim. App.) (ECF No. 14-10).

Available records indicate Petitioner has not yet filed an application for state habeas corpus relief with the Texas Court of Criminal Appeals. (ECF No. 13-1).[1] Instead, Petitioner initiated the instant federal proceedings on February 11, 2019, when he placed a letter appearing to challenge his 2016 state court convictions in the prison mailing system. (ECF No. 1). The Court construed the letter as an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and ordered Petitioner to either withdraw the application or to clarify his intentions by filing an amended § 2254 application on the forms provided. (ECF No. 2). In the amended application that followed (ECF No. 5), Petitioner raises several allegations, including: (1) a due process violation when his request for an attorney during his May 27, 2015, police interrogation was deleted from the audio/video taken that day; (2) trial court error for removing him from the courtroom, forcing him to use unethical trial counsel, failing to issue complete jury instructions, and failing to hold a *Jackson v. Denno* hearing; (3) he was denied the effective assistance of counsel on appeal; (4) his statements to police were involuntary and their admission into evidence violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); and (5) he was denied the effective assistance of trial counsel.

## Analysis

Under 28 U.S.C. § 2254(b)(1)(A), habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Under this exhaustion doctrine, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal

---

[1]      *See also*  http://www.search.txcourts.gov, search for "Baker, Stanley" last visited October 28, 2019.

rights, before seeking federal habeas corpus relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) ("Absent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief."). To exhaust state remedies, a Texas prisoner must present both the factual and legal substance of a claim in a procedurally proper manner to the Texas Court of Criminal Appeals in either a PDR or an application for writ of habeas corpus under Texas Code of Criminal Procedure 11.07. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

Petitioner asserts that he filed a PDR in the Texas Court of Criminal Appeals, and, as such, he gave the state court a full opportunity to review his claims. Petitioner's assertion is incorrect, however, because defendants do not properly exhaust their state remedies by presenting a claim for the first time in a PDR. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990) (finding the exhaustion requirement is not satisfied through direct appeal by raising a claim "in the Texas Court of Criminal Appeals without first obtaining review by an intermediate appellate court."). This is because doing so would typically leave the Texas Court of Criminal Appeals without an appellate decision to review. *See, e.g., Ex parte Queen*, 877 S.W.2d 752, 755 n. 4 (Tex. Crim. App. 1994). Thus, claims presented "for the first and only time in a petition for discretionary review" do not satisfy the exhaustion doctrine. *Myers*, 919 F.2d at 1077; *see also Flores v. Johnson*, 957 F. Supp. 893, 903 (W.D. Tex. 1997) ("The presentation of claims for the first time on discretionary review to the state's highest court does not constitute 'fair presentation' for exhaustion purposes.").

In the instant case, while Petitioner arguably presented some of the same allegations to the Texas Court of Criminal Appeals via his PDR, he did not raise the majority of these claims

on direct appeal nor has he filed a state habeas application raising the claims. Petitioner thus has not presented the claims raised in his § 2254 petition in a procedurally proper manner to the state's highest court. He also fails to show any exception to the exhaustion requirement applies. *See Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999) (noting futility and/or lack of an available remedy in state court as recognized exceptions to the exhaustion doctrine). Because the majority of the claims raised in his federal petition have not been "fairly presented" to the Texas Court of Criminal Appeals, Petitioner's habeas claims will be dismissed without prejudice for failure to exhaust state court remedies.

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Because Petitioner has not satisfied the preconditions for review set forth by § 2254, dismissal of his amended petition is warranted so that he may properly pursue his state court remedies.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Respondent Lorie Davis's Motion to Dismiss for Failure to Exhaust State Court Remedies (ECF No. 13) is **GRANTED**;

2.      Petitioner Stanley Foster Baker's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

3.      Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as

required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

    4.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 29th day of October, 2019.

XAVIER  RODRIGUEZ
UNITED STATES DISTRICT JUDGE